IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC. § § | |
| Plaintiff, § | CIVIL ACTION NO. 4:18-cv-2344 |
| § | |
| v. § | |
| § | |
| DOES 1 - 107 § | |
| Defendants. § | |

### DOE #55'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENA, MOTION TO SEVER AND/OR DISMISS, MOTION FOR PROTECTIVE ORDER, AND MOTION TO PROCEED ANONYMOUSLY

Doe #55 files these objections to and Motion to Quash Subpoena, Motion to Sever and/or Dismiss, Motion for Protective Order, and a Motion to Proceed Anonymously using the "Doe" designation (collectively, the "Motion to Quash"). For the reasons stated herein, the Court should grant Doe #55's Motion to Quash and order the relief requested herein.

### I.   PRELIMINARY STATEMENT

1. This is a copyright infringement action filed against 107 unknown defendants identified as "Does 1-107." The plaintiff is known for filing these types of suits, having filed several nationwide during the last six (6) years, including three in the Southern District of Texas[1]. Plaintiff's complaint, as with the others filed in this District, does not specify the requisite level of factual support. For example, Plaintiff does not provide any support for filing this action in the Southern District of Texas, preferring instead to generally aver that "on information and belief, the Defendants *may* be found in this District…" Compl. at ¶ 5. In fact,

---

[1] *See e.g.*, Siemens Product Lifecycle Management Software Inc. v. Does 1-93, No. 4:17-cv-01796 (S.D. Tex. June 15, 2017); Siemens Product Lifecycle Management Software, Inc. v. Does 1-100, No. 4:16-CV-01422 (S.D. Tex. November 4, 2016); Siemens Product Lifecycle Management Software, Inc. v. Does 1-100, Doe 16, & Doe 17, No. 4:15-CV-00582 (E.D. Tex. July 7, 2016).

1

many of the Doe defendants reside outside the State of Texas, as evidenced by the pro se filings in this case. Doe #55 resides in California, having no contact with the State of Texas. Even the target internet service provider (ISP) Charter is located in St. Louis, Missouri. Given the volume of "copyright troll" cases filed in Texas by Plaintiff, the Court should consider whether Plaintiff's choice of venue is based on Rule 45's place of compliance provision or its belief that the District is friendly to copyright owners seeking carte blanche discovery.

2.      The Electronic Frontier Foundation (EFF) is a nonprofit organization founded in 1990 that champions internet user privacy, free expression, and innovation through impact litigation, policy analysis, grassroots activism, and technology development. The EFF describes copyright trolls as follows:

> "[C]opyright trolls try to grow businesses out of suing Internet users — their tactics include targeting large groups of anonymous "Doe defendants" to improperly minimize their court costs and exploiting the massive damages in copyright law in order to pressure defendants into settling quickly."[2]

Plaintiff's complaint is a textbook copyright troll suit – lacking even the most basic factual support to allege that Doe #55 is a proper defendant, that the defendants are properly joined, or that Doe #55 has any liability. Plaintiff's complaint is, quite simply, a shakedown designed to net as many settlements as possible from the 107 unknown defendants. Indeed, a review of pleadings filed in the other Siemens cases reveals that many of the Doe defendants are ultimately dismissed from the litigation, presumably after the Plaintiff discovers they are judgment proof or simply not worth the hassle as a pro se party. The dismissals occur after identities are revealed, not after discovery on the principal copyright claim.

3.      Doe #55's Motion to Quash does not seek to minimize Plaintiff's right to protect its copyrighted software. Rather, this Motion to Quash is focused on the following: (i) Plaintiff

---

[2] https://www.eff.org/issues/copyright-trolls (Last Accessed October 4, 2018).

fails to allege sufficient factual basis for its request; (ii) the Doe defendants are improperly joined; (iii) this Court does not have jurisdiction over Doe #55 who resides in California and has no contacts with Texas; (iv) Doe 55's privacy interests outweigh Plaintiff's interest in discovering the "owner" of the subject IP addresses; and (v) the information sought by subpoena is not properly limited in scope and imposes an undue burden and expense on Doe #55.

## II. OBJECTIONS

4. The following objections are made pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

5. Plaintiff's subpoenas to Charter make reference to an attached "Exhibit A" describing the information sought. The exhibit lists the following "Subscriber Information" to be produced in response to the subpoena:

> 3. The term "Subscriber Information" means:
> 
>    a) The real name of the Account Holder;
>    b) The mailing address of the Account Holder;
>    c) The telephone number of the Account Holder;
>    d) The e-mail address of the Account Holder; and
>    e) Any other information that would aid Plaintiff in determining the identity of these Account Holders.

6. The Court's order granting Plaintiff's Motion for Discovery indicates that the Plaintiff may only use the subpoenas to "obtain the identity of Defendants." Order at 1 [Dkt. No. 8]. Items (a-c) above are reasonably tailored to do just that, but item (e), seeking "[a]ny other information" is overbroad and subjects Doe #55 to a loss of privacy and other harm as Charter may, pursuant to this Order, disclose virtually anything about Defendants, including Doe #55. Without knowing precisely what information Charter retains about its customers, the subpoena may result in disclosure of a trove of personal and private information such as web browsing

history, financial information, and usage statistics – none of which are essential to discovering the account holder associated with a particular IP address.

7. Item (d) is also troublesome, as disclosure of a subscriber's e-mail address may reveal certain things about them, such as their employer or other personal trait. Plaintiff has not and cannot articulate how knowing an individual's email address may help them identify an unknown defendant.

### III. ARGUMENT & AUTHORITIES
### MOTION TO QUASH & MOTION FOR PROTECTIVE ORDER

**Doe #55's Standing**

8. "A motion to quash or modify a subpoena under [Rule 45] may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. However, a party, though not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have standing if he or she has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it." *200 South Broad Street, Inc. v. Allstate, Ins. Co.*, No. 07–9237, 2009 WL 1649721, at *2 (E.D. La. June 11, 2009); *see also Solow v. Conseco, Inc.*, 2008 WL 190340 (S.D.N.Y. 2008) ("While Rule 45 speaks of objections to subpoenas being asserted by the person commanded to produce and permit inspection of the subpoenaed documents, it is well-established that a party with a real interest in the documents has standing to raise objections to their production"). Numerous courts in similar lawsuits have found internet subscribers may challenge subpoenas issued to the subscriber's internet service provider. *See, e.g., Hard Drive Prods., Inc., v. Does 1-188*, 809 F. Supp.2d 1150 (N.D. Cal. 2011) (order granting Doe's motion to quash); *Boy Racer, Inc., v. Does 1-60*, No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011) (order granting Doe's motion to quash and dismiss Case without prejudice); *Nu Image, Inc., v. Does 1-3932*, No. 11-

4

00545 (ECF No. 244) (M.D. Fla. May 23, 2012) (order granting Doe's motion to quash or, in the alternative, to sever and dismiss); *In Re BitTorrent Adult Film Copyright Infringement Cases*, No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting motions to quash from underlying action). Courts have found standing to object, even where the defendant's privacy interest is "minimal at best." *See, e.g. Malibu Media, LLC v. Does 1-25*, No. 12-362 (ECF No. 27 at 3), 2012 WL2367555, *2 (S.D. Cal. June 21, 2012). Doe #55 has a clear and personal proprietary interest in his personal details sought by the Plaintiff. Because the Defendant has at least a minimal privacy interest in the information requested by the subpoena, Defendant has standing to object.

**No Jurisdiction over Doe #55**

9. The Court should deny Plaintiff's discovery request for Doe #55's personal details as this court lacks personal jurisdiction over him. *See Enterprise Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-471 (5th Cir. 1985) (no authority to issue preliminary relief without personal jurisdiction). Plaintiff's Complaint states three alternate theories for jurisdiction over Doe #55: that "the Defendants may be found in this District"; that "a substantial part of the acts of infringement complained of herein may have occurred in this District"; or that each Defendant "may have personally availed themselves of the services of an ISP located in this District." Compl. at ¶5. The Complaint does not include a single fact regarding which alternate jurisdiction theory applies to Doe #55.

10. Plaintiff alleges no facts to show that Doe #55 resides in Texas.[3] To find general personal jurisdiction in Texas, a defendant's contact with the forum state must be "continuous and systematic." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). In fact, Doe #55

---

[3] Doe #55's alleged IP address (172.89.142.83) is located in Southern California. *See* http://whois.domaintools.com/172.89.142.83 (Last accessed October 5, 2018).

resides in California – over 1,000 miles from the issuing court. A subpoena issued under Rule 45 may only command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). Plaintiff alleges no facts to support this Rule 45 requirement. Doe #55, as a resident of California, certainly does not meet the requirement, and Charter, headquartered in Missouri does not either. Plaintiff also fails to provide any factual support for its baseless claim that the "infringement complained of herein may have occurred in this District."

11.     Doe #55 respectfully requests that this objection concerning jurisdiction be considered by the Court to be a concurrent motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) – to be fully briefed and supported by declaration at a later date. *See* Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

**Doe #55's Privacy Interests**

12.     Doe #55's privacy interests are at stake and he[4] will be subjected to annoyance, harassment, embarrassment, undue burden and expense if this Court does not grant the requested relief or otherwise prohibit the Plaintiff from obtaining Doe #55's identity. A 2015 opinion written by Senior United States District Judge Alvin K. Hellerstein describes in detail the effect copyright troll litigation has on its targets. *See* **Exhibit 1** and below.

> "Recent empirical studies show that the field of copyright litigation is increasingly being overtaken by "copyright trolls," roughly defined as plaintiffs who are "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service." Matthew Sag, Copyright Trolling, An Empirical Study, 100 IOWA L. REV. 1105, 1108 (2015). "The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low

---

[4] The pronoun "he" is used without regard to Doe #55's actual gender.

enough that it is less expensive for the defendant to pay the troll rather than defend the claim." *Id*. The lawsuits most frequently target anonymous John Does for alleged infringement related to the use of BitTorrent. Indeed, of "the 3,817 copyright law suits filed in 2013, over 43% were against John Does and more than three-quarters of those related to pornography." *Id*. at 1108-09. But almost none ever reaches a hearing. Rather, the "lawsuits are filed to take advantage of court ordered discovery [under Fed. R. Civ. P. 26(d)] to break the veil of anonymity that separates IP addresses from the account information of actual human beings." *Id*. at 1109; *see also Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). They then use this information to quickly negotiate settlements on mass scale without any intention of taking the case to trial. *See, e.g., Media Prods., Inc., DBA Devil's Film v. John Does 1-26*, No. 12-cv-3719, at 4 (S.D.N.Y. June 18, 2012) (explaining that the settlements in these BitTorrent cases are "are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls.").

"In 2012, judges in the Southern District [of New York] and across the country began awakening to the danger of copyright trolls, especially in the context of pornography. For example, the late Judge Harold Baer, Jr. explained that "[i]n such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations." *Media Prods., Inc.* [DBA Devil's Film v. John Does 1-26,] No. 1:12-cv-03719 (ECF No. 5 at 4) (S.D.N.Y. June 18, 2012) (Baer, J.). The largest copyright trolls were increasingly unscrupulous in abusing the litigation process to exploit this dynamic. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 89 (E.D.N.Y. 2012). ("The most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants."); *Patrick Collins, Inc. v. John Does 1-37*, No. [2:12-cv-01259], 2012 WL 287832, at *3 n. 2 (C.D. Cal. Jul. 11, 2012) ("the federal courts are not flexible enough to be shaped into 'cogs in a plaintiffs copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that [Plaintiffs have] no intention of bringing to trial.'"); *Malibu Media, LLC v. Does 1-5*, No. 1:12-cv-02950 (ECF No. 7), 2012 WL 2001968, at * 1 (S.D.N.Y. June 1, 2012) (Oetkin, J.) ("This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, especially in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded."); *Digital Sins, Inc. v. John Does 1-245*, No. 1:1 l-cv-08170 (ECF No. 18), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) (McMahon, J.) ("In these BitTorrent cases, numerous courts have already chronicled abusive litigation practices ..."); *SEO Pictures, Inc. v. Does 1-20*, No. 12-cv-3925, 2012 WL 2034631, at * 1 (S.D.N.Y.

7

June 5, 2012) ("Finally, early discovery has been used repeatedly in cases such as this one to harass and demand of defendants quick settlement payments, regardless of their liability."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The Plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.")." *Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10*, No. 1:15-cv-04369 (ECF No. 10 at 5-6) (S.D.N.Y. July 6, 2015) (Hellerstein, J.) (footnote omitted).

13. The similarities between this case and the *Mailbu* case are too apparent to ignore. While the Siemens software forming the basis of the copyright claim is presumably not pornographic in nature, the Plaintiff's *modus operandi* is the same – use subpoenas issued from distant courts to obtain ISP subscriber information (often personal in nature) to bludgeon settlements from John Doe defendants. In a conference with Plaintiff's counsel, counsel for Doe #55 was "warned" that any attempt to quash the subpoenas directed at Charter may upset Siemens, increase their costs, and cause them to be reluctant to settle. This was perceived to be a tacit admission from Plaintiff's counsel that this litigation is exactly the type of litigation Judge Hellerstein railed against in his 2015 opinion.

**Improper Joinder**

14. Permissive joinder of defendants is appropriate if "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Each prong must be satisfied for proper joinder. In this case, the Plaintiff fails to satisfy each prong. Therefore, Doe #55 respectfully requests that he be dismissed from the lawsuit pursuant to Fed. R. Civ. P. 21, which permits a court "at any time, on just terms, to add or drop a party." Courts

8

have severed John Doe defendants in cases like this one where numerous Doe defendants are improperly joined. *See UMG Recordings, Inc. et al. v. Does 1-51*, No. A-04-CA-704 (W.D. Tex. Nov. 17, 2004) ("[t]he claim against each defendant is individual, based on individual acts of each defendant, and if proven, will result in unique damage claims. The defendants are not properly joined under Rule 20."); *LaFace Records, LLC v. Does 1–38*, No. 5:07–CV–298–BR, 2008 WL 544992, at *2 (E.D.N.C. Feb.27 2008) ("[T]his court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20."). Plaintiff provides no allegations in its Complaint to support joinder of 107 unknown John Does under Rule 20. The Court should sever the defendants and dismiss the claims against Doe #55.

**Motion for Protective Order & Request to Proceed Anonymously**

15. In the alternative, Doe #55 respectfully requests that the Court enter a protective order, pursuant to Rule 26(c), restricting the use and distribution of the information obtained by subpoena. Good cause exists to protect Doe #55 from annoyance, embarrassment, oppression, or undue burden or expense, the issuance of a protective order forbidding the disclosure of the information obtained may achieve that goal. Fed. R. Civ. P. 26(c)(1). Disclosure of Doe #55's identity in this or any other litigation may have significant personal or professional consequences that the Court should consider. Doe #55 also requests permission from this Court to proceed in this litigation using the Doe #55 designation to maintain anonymity. *See West Coast Productions, Inc. v. Does 1-351*, No. 4:12-cv-00504, 2012 WL 2577551 at *6 (S.D. Tex. July 3, 2012) (granting permission to litigate subpoena issue anonymously using Doe designation).

## IV. CONCLUSION

For the reasons stated herein, the Court should grant Doe #55's Motion to Quash, sever him from this litigation and dismiss the claims against him, or in the alternative, issue a protective order forbidding disclosure of the information obtained by subpoena and permitting Doe #55 to proceed anonymously.

Dated: October 5, 2018

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEY FOR DOE #55

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Plaintiff via e-mail and telephone about the subject matter of this Motion to Quash. Following our conference, it was determined that counsel for Plaintiff is opposed to the relief requested herein.

/s/ Joshua A. Verde
Joshua A. Verde

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record shown below via email, eService, ECF, fax, and/or U.S. Mail on October 5, 2018

/s/ Joshua A. Verde
Joshua A. Verde

Robert R. Riddle
Andrew J. Bluebond
James A. Quail
REED SMITH, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
rriddle@reedsmith.com
abluebond@reedsmith.com
jquail@reedsmith.com
Telephone: +1 713 469 3800
Facsimile: +1 713 469 3899


Charter Communications
Legal Department
Via Fax: 314-909-0609