UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 - 107, <br><br> Defendants. | Case No.: 4:18-cv-2344 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC.'S OMNIBUS RESPONSE TO OBJECTIONS AND MOTION TO QUASH**

Plaintiff Siemens Product Lifecycle Management Software Inc., (hereinafter "Siemens PLM" or the "Plaintiff"), files this Omnibus Response in Opposition to Objections filed individually by Doe #19 [Dkt. 15]; #27 [Dkt. 16]; Pushpa M. [Dkt. 12 & 17]; Docket Entry 13; and Motion to Quash filed by Doe # 55 [Dkt. 18] (collectively, "Doe Defendants").[1]

---

[1] Siemens PLM cannot associate Doe Defendant Pushpa M. and Docket Entry 13 with a particular IP Address or Doe number. Docket Entry 13 objected through counsel, Moss Gropen, Esq., but provided no identifying information upon which to properly address it in this Response. Likewise, Pushpa M. did not provide an IP address or identifying doe # but instead only provided what appears to be the individual's first name and surname initial. [Dkt. 12 & 17].

## SUMMARY

1.  Doe Defendants object and ask the Court to quash the subpoena issued to Charter Communications, Inc. ("Charter"). The Court should deny all relief sought by Doe Defendants.

2.  District Courts of the Fifth Circuit consistently reject doe defendants' efforts to prevent Internet Service Providers' (ISPs) compliance with lawful subpoenas identical to the one at issue here.[2] Still, Doe Defendants ask this Court to (1) ignore precedent to engage in premature analyses of personal jurisdiction and joinder and (2) quash Siemens PLM's valid subpoena without addressing any burden, as required by Rule 45, that the subpoena places on Doe Defendants.

3.  Accordingly, Siemens PLM respectfully requests the Court deny all of the relief sought by Doe Defendants and order Charter to produce full and complete subscriber information in accordance with the subpoena.

## BACKGROUND

4.  Plaintiff Siemens PLM faces a problem of piracy that the United States Supreme Court has described as "infringement on a gigantic scale." *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 940 (2005). Like many other software copyright owners, Siemens PLM has seen its copyright protections circumvented and its

---

[2] *See e.g., Siemens Product Lifecycle Management Software, Inc. v. Does 1-100*, No. 4:16-CV-01422, Dkt. 29 (S.D. Tex. November 4, 2016) (Order attached as Exhibit A); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-100, Doe 16, & Doe 17*, No. 4:15-CV-00582, Dkt. 26 (E.D. Tex. July 7, 2016) (Order attached as Exhibit B); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-100*, No. 4:15-CV-17-LG-CMC, Dkt. 24 (E.D. Tex. July 23, 2015) (Order attached as Exhibit C).

valuable copyrighted software illegally copied and shared among unlicensed users. This illegal copying and use not only violates Siemens PLM's intellectual property rights, but also unfairly disadvantages Siemens PLM's licensed customers that must compete with software pirates and unlicensed users in the marketplace.

5.   In this suit, Siemens PLM seeks to protect and enforce its exclusive rights under the Copyright Act and seeks redress for violations of its intellectual property rights. To do that, Siemens PLM sought leave from this Court to subpoena an ISP, Charter, to identify the names, addresses, and email addresses of the Doe Defendants who are the subscribers associated with the IP addresses at which unlawfully copied versions of its software were used. The Court granted Siemens PLM leave to do so. [Dkt. 8]. Absent this identifying information, Siemens PLM cannot serve the Defendants and protect its copyrights against the Defendants' unlicensed use.

6.   Siemens PLM files this response to the objections and Motion to Quash and asks the Court deny all of the relief sought by Doe Defendants and order Charter to produce the full and complete subscriber information in accordance with the subpoena.

**ARGUMENT**

**I.   The joinder analysis sought by Doe #55 is premature.**

7.   Doe #55 asks this Court to engage in a premature analysis of joinder using IP addresses. [Dkt. 18 at 8]. The Court should decline this request. *See Order re Motions to Dismiss, Quash, and Seal*, attached from Cause No. 4:15CV-17-LG-CMC as Exhibit C ("[T]o the extent Doe 76 argues for dismissal based on his contention that he has been improperly joined … such argument is premature."). Siemens PLM is simply engaging in

appropriately "limited discovery to identify the proper defendants to be named in this lawsuit," as has been permitted by this Court. *See id*.; (citing *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 345 (D.D.C. 2011))[3].

## II. Although any analysis of joinder is premature, joinder is nevertheless proper.

8. Despite Doe #55's contention that Siemens PLM "provides no allegation in its Complaint to support joinder," [Dkt. 18 at 9], Siemens PLM uses the permissive joinder rules to join defendants who used "cracked" versions of Siemens PLM's software that likely originated from a hacking group known as "SolidSquad." Therefore, to the extent that an analysis of joinder is not wholly premature, the cases cited by Doe #55 relate to peer-to-peer sharing networks that do not support the relief it requests because Siemens PLM's claims are not based on the use of peer-to-peer sharing networks. Furthermore, after obtaining the information it seeks, Siemens PLM can then substitute the does' identities for their IP address in accordance with the Rules of Civil Procedure. *See Order re Motions to Dismiss, Quash, and Seal*, attached from Cause No. 4:15CV-17-LG-CMC as Exhibit C.

## III. The personal jurisdiction analysis sought by Doe #55 and Docket Entry 13 is similarly premature.

9. Doe #55 and Docket Entry 13 ask the Court to depart with precedent and engage in a premature analysis of personal jurisdiction. *See W. Coast Prods., Inc. v. Does 1-351,* No. 4:12-cv-00504, 2012 WL 2577551, at *3 (S.D. Tex. July 3, 2012) (Atlas, J.) ("Analysis of personal jurisdiction is premature when Plaintiff has not identified and

---

[3] *See also* Exhibits A - C (denying doe defendants' similar motions to quash based on lack of personal jurisdiction and improper joinder as premature).

named the Defendants against whom claims in fact will be asserted."). The Court should decline this invitation, as it has done previously.[4]

10. Once defendants have been identified and Siemens PLM has the opportunity to substitute the actual defendants, the Court can engage in a coherent analysis of personal jurisdiction and joinder, if necessary. Indeed, this is precisely what District Courts in the Fifth Circuit have done. *See Funimation Entm't v. Does 1-1,427*, No. 2:11-CV-00269, 2013 WL 5200453, at *3 (E.D. Tex. Sept. 16, 2013) (assessing the exercise of personal jurisdiction over doe defendant after he was substituted for an IP address following his ISP's compliance with the Court's subpoena); *see also W. Coast Prods., Inc.*, 2012 WL 2577551, at *3 (analysis of personal jurisdiction before defendants are named is premature). However, if the Court were to conduct the personal jurisdiction analysis at this juncture, it could consider neither the movant's conduct in relation to the other defendants nor the actions of the person that holds that IP address. Sensibly, this Court has rejected other previous invitations to conduct this analysis based on information it knows to be incomplete. *See W. Coast Prods.*, 2012 WL 2577551, at *3.

### IV. The objections and Motion to Quash fail to meet the burden for quashing the Subpoena.

11. Rule 45(d)(3) provides that upon affected party's timely motion, a subpoena may be quashed or modified when it (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond geographical limits specified in Rule 45(c); (iii)

---

[4] *See* Exhibits A - C (denying doe defendants' similar motions to quash based on lack of personal jurisdiction and improper joinder as premature).

requires disclosure of privileged or other protected matter, if no exception of waiver applies; and (iv) subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). Giving each of the objections and the Motion to Quash the most generous reading, Siemens PLM understands that to the extent an argument the compliance would be unduly burdensome, each Doe Defendant has provided insufficient argument or authority to support its assertion.

12.     As the moving parties, Doe Defendants have the "heavy burden" of establishing that compliance with the Subpoena would be unreasonable and oppressive. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). When moving to quash a subpoena, a movant must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc*., 227 F.R.D. 475, 477 (N.D. Tex. 2005). Doe Defendants offer nothing—they identify no actions they would have to take or forebear upon because of Charter's compliance with the subpoena. Indeed, the Subpoena places no burdens on Doe Defendants; the only action necessary for compliance with the Subpoena will be taken by Charter. Therefore, each objection and the Motion to Quash should be denied for failing to meet the burden of proving one of the applicable Rule 45 arguments for quashing a subpoena.

**III.    Doe #19, #27, and Pushpa M.'s unsworn statements regarding their use of Charter's internet service are not grounds for quashing the subpoena.**

13.     In an effort to prevent Siemens PLM from obtaining lawful discovery, some of the Doe Defendants offer unsworn statements that address the merits of a potential

copyright claim against the accountholders associated with the IP Address. This is insufficient to prevent disclosure of the requested information. For example, Doe #19's objection states that it "is my sincerest belief that I have done nothing wrong and did not knowingly or intentionally violate any copyright laws or benefit in any form financially or otherwise." [Dkt. 15]. Similarly, Doe #27's objection states that he or she "unintentionally used the unlicensed software once only for my course project" and is therefore claiming that the infringement "should be considered as 'fair use.'" [Dkt. 16]. Similarly, Pushpa M. objects and requests that the Court dismiss the case as he or she is "not a beneficiary and have no knowledge any software file sharing has been done by us." [Dkt. 12 & 17]. These statements do not justify quashing Siemens PLM's lawful subpoena, as they seemingly are directed to the merit of Siemens PLM's claims—an issue not currently before the Court.

14. Siemens PLM takes these to be relevance objections to the subpoena, which are misplaced, particularly when the information sought is necessary to identifying a party to the case. "When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams*, 178 F.R.D. at 110. Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and allows courts to "order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1); *see also Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("Discoverable information is not limited to admissible evidence."). Thus, "[u]nder the federal discovery rules, any party to a civil

action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged." *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 820 (5th Cir. 2004) (internal quotations omitted). Furthermore, "[D]iscovery requests are relevant when they seek admissible evidence or evidence that is *reasonably calculated* to lead to the discovery of admissible evidence." *Id.* (internal quotations omitted) (emphasis added).

15. Similarly, any objection based on privacy and confidentiality does little to negate the "heavy burden" of establishing that compliance with the subpoena would be unreasonable and oppressive, as required by the Rule. The Court's order permitting discovery limits Siemens PLM's use of this information to "protecting Plaintiff's rights under the Copyright Act as enumerated in the Complaint." [Dkt. 1]. As it has done in previous cases, Siemens PLM will comply with this Court's order and use the information provided in response to the subpoena for the limited purposes permitted by the Court's order.

16. The narrowness of the information sought by Siemens and the importance of the information sought to Siemens PLM's copyright claims—which cannot proceed without this infringement—weighs strongly in favor of permitting discovery.

DATED this 19th day of October 2018.

          */s/ Robert R. Riddle*
Robert R. Riddle – Lead Attorney
Texas Bar No. 24035495
S.D. Tex. No. 1553007
Andrew J. Bluebond
Texas Bar No. 24092147
S.D. Tex. No. 3019955
James A. Quail
Texas Bar No. 24102386
S.D. Tex. No. 3060244
Reed Smith, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
rriddle@reedsmith.com
abluebond@reedsmith.com
jquail@reedsmith.com
Telephone: +1 713 469 3800
Facsimile: +1 713 469 3899

*Counsel for Plaintiff
Siemens Product Lifecycle Management
Software Inc.*

## CERTIFICATE OF SERVICE

I certify that the above document was served via the Court's CM/ECF system to all counsel of record on October 19, 2018.

*/s/ Robert R. Riddle*
Robert R. Riddle
